UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KERRY DALLING,<br>    *Plaintiff*,<br><br>    v.<br><br>TOWN OF FAIRFIELD and<br>FAIRFIELD POLICE DEPARTMENT,<br>    *Defendants*. | No. 3:22-cv-00185 (JAM) |

## ORDER GRANTING MOTION TO REMAND

Federal courts have so-called "federal question" jurisdiction over claims that arise under federal law. Does federal question jurisdiction exist for a state law claim that relies exclusively on the free speech protections of the Connecticut Constitution? It does not. Therefore, I will remand this action to state court where it belongs.

### BACKGROUND

The plaintiff Kerry Dalling worked as a detective for the defendants Town of Fairfield and Town of Fairfield Police Department. In late December 2021, Dalling filed a lawsuit in Connecticut Superior Court alleging that the defendants had unlawfully reassigned and demoted her because she had complained about the police department's mishandling of a particular investigation.[1]

Dalling's complaint alleged purely state law causes of action, including as relevant here one count for violation of Conn. Gen. Stat. § 31-51q. That law bars an employer from disciplining or discharging an employee on account of the employee's exercise of the rights of free speech guaranteed by either the First Amendment to the U.S. Constitution or Sections 3, 4, or 14 of Article First of the Connecticut Constitution.[2]

---

[1] Doc. #1-3.
[2] The statute provides in full: "Any employer, including the state and any instrumentality or political subdivision

1

Although an action under § 31-51q may be based on a violation of free speech rights under either the federal or state constitutions, a critical fact here is that Dalling's complaint alleges a violation *only* under the state constitution. Specifically, the complaint alleges that "[t]he Defendants' retaliation and reassignment of the Plaintiff was in violation of the Plaintiff's Freedom of Speech, in violation of Connecticut General Statutes Section 31-51q section 3, 4 and/or 14 of Article First of the Constitution of the State of Connecticut."[3]

On February 1, 2022, the defendants filed a notice of removal of the complaint from state court to this Court.[4] According to the defendants, Dalling's state law claim under § 31-51q gives rise to federal question jurisdiction pursuant to 28 U.S.C. § 1331.[5]

On February 2, 2022, I entered an order to show cause why the action should not be remanded to state court for lack of federal jurisdiction in light of Dalling's exclusive reliance on the free speech protections of the Connecticut Constitution.[6] The defendants filed a response to my order to show cause, and Dalling in turn has filed a motion to remand to which the defendants have objected.[7]

## DISCUSSION

Congress by law allows for a defendant who has been sued in a state court to "remove" the case to federal court if a federal court would otherwise have jurisdiction over the complaint.

---

thereof, who subjects any employee to discipline or discharge on account of the exercise by such employee of rights guaranteed by the first amendment to the United States Constitution or section 3, 4 or 14 of article first of the Constitution of the state, provided such activity does not substantially or materially interfere with the employee's bona fide job performance or the working relationship between the employee and the employer, shall be liable to such employee for damages caused by such discipline or discharge, including punitive damages, and for reasonable attorney's fees as part of the costs of any such action for damages. If the court determines that such action for damages was brought without substantial justification, the court may award costs and reasonable attorney's fees to the employer." Conn. Gen. Stat. § 31-51q.

[3] Doc. #1-3 at 4 (second ¶ 11).
[4] Doc. #1.
[5] Doc. #1 at 2 (¶ 3).
[6] Doc. #10.
[7] Docs. #12 (response), #17 (motion to remand), #19 (objection).

*See* 28 U.S.C. § 1441. One of the grounds for federal jurisdiction is federal question jurisdiction—that is, if a complaint arises under federal law. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Most federal question cases involve complaints that explicitly allege some violation of federal law. But "[w]hile federal question jurisdiction is typically invoked by a plaintiff pleading a federal cause of action, it also extends to a special and small category of cases brought under state law that implicate a federal issue." *Tantaros v. Fox News Network, LLC*, 12 F.4th 135, 140 (2d Cir. 2021).[8]

The defendants say this is one of those special cases. They rely on the Second Circuit's decision in *Bracey v. Board of Education of City of Bridgeport*, 368 F.3d 108 (2d Cir. 2004), in which the Second Circuit held that a complaint alleging a violation of § 31-51q raised a federal question. As *Bracey* explained, federal jurisdiction lies "[i]f the plaintiff's statement of his or her state law claim in a well-pleaded complaint *necessarily* depends on resolution of a substantial question of federal law." *Id.* at 113 (emphasis added).[9]

According to the Second Circuit, the state law claim in *Bracey* necessarily turned on a construction of federal law because "Bracey alleges on the face of his well-pleaded complaint that the Board violated his rights as established, under section 31–51q, by either the United States or the Connecticut Constitution," and "[c]ourts construing section 31–51q consistently

---

[8] For ease of readability and unless otherwise noted, all text quoted from other cases in this ruling omits internal footnotes, citations, quotation marks, and brackets.
[9] A federal law question must be not only "necessarily raised" and "substantial" but also "actually disputed" and "capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Tantaros*, 12 F.4th at 140–41. Because the requirements beyond whether a federal question is "necessarily raised" are not disputed here, I do not address them in this ruling.

3

look to federal First Amendment law to determine whether section 31–51q gives rise to a cause of action in the cases before them." *Id*. at 116.

Does *Bracey* control here? No, it does not—for two reasons. First, unlike the complaint in *Bracey*, the complaint here cites only the state constitution and makes no mention of the federal constitution. "Under the well-pleaded complaint rule, the plaintiff is the master of the complaint, free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available." *Marcus v. AT&T Corp.*, 138 F.3d 46, 52 (2d Cir. 1998).

Second, since 2004 when *Bracey* was decided, the Connecticut Supreme Court has ruled that employee speech like Dalling's is entitled to significantly broader protection under the state constitution than under the federal constitution. *See Trusz v. UBS Realty Investors, LLC*, 319 Conn. 175 (Conn. 2015). The Connecticut Supreme Court ruled in *Trusz* that "textual differences" between the Connecticut Constitution and the U.S. Constitution "warrant an interpretation separate and distinct from that of the first amendment" in the context of an employee free speech claim. *Id.* at 193. So it rejected the U.S. Supreme Court's decision in *Garcetti v. Ceballos*, 547 U.S. 410 (2006), which precluded a retaliation claim under the First Amendment for speech that an employee makes pursuant to her official duties. Instead, the Connecticut Supreme Court adopted the contrary view of the dissent in *Garcetti v. Ceballos* that, even when an employee speaks pursuant to her official duties, the employee's speech will be protected from retaliation if it is a "comment on official dishonesty, deliberately unconstitutional action, other serious wrongdoing, or threats to health and safety." *Trusz*, 319 Conn. at 210–11 (quoting *Garcetti*, 547 U.S. at 435 (Souter, J., dissenting)).

In light of *Trusz*, it is no longer true as the Second Circuit stated in *Bracey* that "[c]ourts construing section 31–51q consistently look to federal First Amendment law to determine

4

whether section 31–51q gives rise to a cause of action in the cases before them." 368 F.3d at 116. Instead, at least for claims like Dalling's that invoke solely the Connecticut Constitution as the basis for a § 31-51q claim, courts must look to the independent and broader free speech protections of the Connecticut Constitution as set forth in *Trusz*.

For these reasons, every court to have considered the issue after *Trusz* has rightly ruled that *Bracey* is distinguishable and that a complaint that relies solely on the Connecticut Constitution does not trigger federal question jurisdiction. *See Grant v. Norwich Free Academy*, 2020 WL 2569801, at *2–3 (D. Conn. 2020); *Amasino v. Town of Branford*, 2017 WL 4772929, at *2 (D. Conn. 2017); *Kolpinski v. Rushford Ctr., Inc.*, 2016 WL 3919798, at *3–5 (D. Conn. 2016).

The defendants mistakenly rely on *Ting v. Univ. of Bridgeport*, 2011 WL 2222309, at *4 (D. Conn. 2011) and *Vale v. City of New Haven Police Dep't,* 2011 WL 13104125, at *1 (D. Conn. 2011). But both these decisions issued *before* the Connecticut Supreme Court's ruling in *Trusz.* They had no occasion to consider whether the outcome should be different if—as the Connecticut Supreme Court made clear in *Trusz*—the free speech protections of the Connecticut Constitution are broader than the U.S. Constitution.

The Second Circuit has yet to rule on the issue presented here. But in *Perez-Dickson v. Bridgeport Board of Education*, 860 F. App'x 753 (2d Cir. 2017), the Second Circuit considered in an unpublished decision whether a district court could decline to exercise supplemental jurisdiction under 28 U.S.C § 1367 over a § 31-51q claim which was based on a complaint alleging solely a violation of the free speech protections of the Connecticut Constitution.[10] The

---

[10] *See Perez-Dickson v. Bridgeport Bd. of Educ.*, 13-cv-198, Third Amended Complaint (Doc. #46) at 8 (¶ 29) (alleging that the defendant acted "in retaliation for Plaintiff's protected free speech rights under the Connecticut Constitution").

5

Second Circuit affirmed the district court's discretionary refusal to exercise supplemental jurisdiction, citing *Trusz* and noting that "the Connecticut Constitution affords free speech protections distinct from the First Amendment." *Id.* at 757.

To be sure, *Perez-Dickson* does not cite or discuss *Bracey*. Yet if the defendants here are correct that *Bracey* compels the conclusion that any § 31-51q claim triggers federal question jurisdiction, then *Perez-Dickson* must have been wrongly decided. Why? Because of course a district court cannot decline to exercise supplemental jurisdiction over a claim for which the district court has original federal question jurisdiction.

*Perez-Dickson* was not wrongly decided. In the course of affirming the district court's decision not to exercise supplemental jurisdiction, it proceeded on the proper predicate—in explicit recognition of *Trusz*—that a § 31-51q claim based solely on the distinct free speech protections of the Connecticut Constitution is amenable to supplemental jurisdiction rather than original federal question jurisdiction.

The defendants additionally rely on the following language from *Bracey*: "Whether Bracey recovered because the Board violated his right to free expression under the United States Constitution or the Connecticut Constitution, or both, then, does not matter. In any case, a federal question was implicated on the face of his well-pleaded complaint." 368 F.3d at 116. But this language does no more than make clear that the question of federal subject matter jurisdiction is determined by reference to the allegations of a well-pleaded complaint, rather than by reference to the source of law under which a plaintiff ultimately recovers or obtains relief.

Lastly, the defendants argue that the "law of the case" doctrine bars me from granting Dalling's motion to remand, because I have somehow and irrevocably assumed jurisdiction merely by denying the defendants' motion for an extension of time to file a response to the

6

complaint.[11] But this argument overlooks a very basic principle of federal subject matter jurisdiction—that "subject-matter jurisdiction cannot be waived and the issue can be raised at any time in the course of litigation." *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 786 (2d Cir. 1994) (citing Fed. R. Civ. P. 12(h)(3)); *see also Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 148–49 (2d Cir. 1999) (rejecting argument that "law of case" doctrine prevents court from later examining basis for federal jurisdiction).

## CONCLUSION

Because the Court lacks federal jurisdiction over this case, the Court GRANTS the motion to remand this action to the Connecticut Superior Court, Judicial District of Fairfield.

It is so ordered.

Dated at New Haven this 29th day of March 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

---

[11] Doc. #19 at 2-3.